

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2009

# Lafayette Brown v. City of Pittsburgh

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3947

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lafayette Brown v. City of Pittsburgh" (2009). *2009 Decisions*. Paper 1507.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1507

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-137**                                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3947
_____

LAFAYETTE BROWN,

                                                                        Appellant

v.

CITY OF PITTSBURGH

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:08-cv-01121)
District Judge: Honorable Terrence F. McVerry

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit Judges</u>

(Opinion filed April 21, 2009)

_____

OPINION

_____

PER CURIAM

      Appellant Lafayette Brown appeals from a District Court order dismissing his

complaint pursuant to 28 U.S.C. § 1915(e).  Because Brown's appeal does not present a

substantial question, we will summarily affirm the judgment of the District Court.  See 3d

Cir. L.A.R. 27.4; I.O.P. 10.6.

Brown, proceeding pro se, initiated a civil rights action against the City of

Pittsburgh.  Brown apparently suffered multiple serious injuries as a result of an accident

that took place in 1977.  Although his allegations are unclear, Brown appears to argue

that the City, Brown's former employer, violated Brown's civil rights by interfering with

Brown's ability to recover the full amount of workers' compensation benefits to which he

believes he is entitled as a result of the accident.

The District Court referred the matter to a Magistrate Judge, who granted Brown

permission to proceed in forma pauperis.  The Magistrate Judge also filed a Report and

Recommendation recommending that Brown's complaint be dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).  The Magistrate Judge stated that she was unable to identify

any basis for federal jurisdiction.  She concluded that, to the extent Brown was attempting

to contest the state court judgment concerning his workers' compensation benefits, the

District Court lacked subject matter jurisdiction over the complaint under the Rooker-

Feldman doctrine.[1]

Brown objected to the Report and Recommendation.  On September 15, 2008,

after conducting a de novo review, the District Court adopted the Magistrate Judge's

---

[1] The doctrine takes its name from two United States Supreme Court cases: Rooker v.
Fidelity Trust Co., 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S.
462 (1983).

Report and Recommendation and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Brown filed a timely appeal.

We exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we conclude that the District Court properly dismissed Brown's complaint.

Brown alleges that the City of Pittsburgh has been "lobbying" and "collaborating" with various individuals since 1977, and asserts that he therefore is receiving less than what he believes to be the appropriate amount of workers' compensation benefits. To the extent that Brown is attempting to argue that the state courts wrongly decided his workers' compensation claim, we agree with the Magistrate Judge's conclusion that Brown's claims are barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine divests federal courts of jurisdiction where a federal action "would be the equivalent of an appellate review" of a state court judgment. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996).

However, the Rooker-Feldman doctrine applies only where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 291 (2005). It is not clear to us whether Brown's claims are limited to the issues addressed by the state court in his workers' compensation action. For example, Brown also alleges that the City has "blocked" him from receiving medical care and "rescind[ed]" his "true

3

medical records."  To the extent he attempts to raise independent federal claims against the City for injuries separate from those related to the workers' compensation decision, we conclude that <u>Rooker-Feldman</u> does not apply.  However, as to those allegations, Brown has failed to state a claim entitling him to relief.

To proceed under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Even construing Brown's <u>pro</u> <u>se</u> complaint liberally, <u>Alston v. Parker</u>, 363 F.3d 229, 234 (3d Cir. 2004), Brown's allegations are inadequate to state a § 1983 claim against the City.  Although Brown cites to the First and Fourteenth Amendments, Brown fails to set forth any facts supporting a constitutional deprivation. His vague allegations do not provide "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

Brown failed to state a claim on which relief may be granted, and the District Court properly dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2] Brown's appeal does not present a substantial question.  We will therefore summarily affirm the judgment of the District Court.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] In addition, it appears that Brown's § 1983 claims, which are largely based upon events taking place in the 1970s and 1980s, are barred by the applicable two-year statute of limitations.  <u>See</u> 42 Pa. C.S. § 5524; <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-267 (1985).

4